In re The MARRIAGE OF Laura Ann BERGFELD and Jerome Joseph Bergfeld.

Upon the Petition of Laura Ann Bergfeld, Appellant,

And Concerning Jerome Joseph Bergfeld, Appellee.

No. 89–1316.

Supreme Court of Iowa.

Feb. 20, 1991.

Stephen W. Scott of Kintzinger, Van Etten, Setter, Pearce & Scott, Dubuque, for appellant.

Paula M. Stenlund of Reynolds & Kenline, Dubuque, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

The marriage of Laura Ann Bergfeld and Jerome Joseph Bergfeld was dissolved in February 1988. In June 1988 Laura filed a petition to modify the decree, requesting among other things a larger child support award. The district court dismissed her petition and Laura appealed.

We transferred the case to the court of appeals. While the case was pending on appeal, we entered an order on September 29, 1989, temporarily adopting our previous temporary child support guidelines as permanent child support guidelines. On September 26, 1990, the court of appeals filed its decision in this case. It reversed and remanded for hearing to allow the district court to consider the September 29, 1989, guidelines. The court of appeals also remanded an attorney fee issue to allow the district court to reconsider its ruling that denied such fees. In addition, the court of appeals awarded Laura appellate attorney fees.

On October 17, 1990, Jerome filed an application for further review which we granted. The day before, we had entered an order adopting new permanent child support guidelines to become effective December 31, 1990. Except for one modification, we affirm the decision of the court of appeals and reverse the judgment of the district court.

I. *Background Facts and Proceedings.*

Laura and Jerome were married in 1975. Three children were born of this marriage: Jason, age twelve; Stephen, age nine; and Sarah, age eight.

For some years before their divorce, the family lived in Leland, Illinois, on a farm. Jerome did some farm work for the farm's owner, Mr. Wesson. But Jerome's principal income was from his job at the Caterpillar plant in Aurora, Illinois.

Caterpillar laid Jerome off in September 1985. The family remained in Leland, and Jerome continued to work for Wesson. Eventually, the family moved back to Epworth, Iowa, where Laura and Jerome had been married and had lived for a period of time. The couple bought a home in Ep-

worth. Laura began working at the Divine Word College; Jerome was employed as a construction worker.

Laura filed a dissolution of marriage petition in Dubuque County on July 9, 1987. Before this, Jerome's work was—at best—tenuous. In 1987 he worked at two jobs, earning between $6 and $7 per hour. By the time of the final hearing, Jerome had been laid off from his most recent construction job at Tschiggfrie Excavating Company where he was earning $6.72 per hour. With a forty-hour week, Jerome grossed about $1160 per month.

At the time of the dissolution decree, Jerome was receiving unemployment benefits of $159 per week. Laura was earning $602 gross per month with a net of $461. She was also receiving free school lunches for the children and food stamps.

Jerome did not appear at the final hearing on February 4, 1988, so a default decree of dissolution was entered. The district court awarded joint custody of the children to Laura and Jerome with physical care to Laura. The child support provision in the decree reads as follows:

[Jerome] shall pay unto [Laura] and [Laura] is hereby given the judgment therefore, support for the minor children of the marriage in the sum of $75 per week for such period as any of the three children shall be entitled to support. This child support is based on [Jerome] being employed and earning at least $1200 per month.

The support provision also provided for continuing support of a child under certain circumstances related to postsecondary education.

The $1200 per month base was a gross income figure which netted to $916 per month. It was a negotiated amount, agreed to by Jerome before the decree was entered.

On February 22, 1988, less than three weeks after the court entered the dissolution decree, Caterpillar called Jerome back to work. His income increased dramatically to $15.15 per hour. This yielded a monthly gross income of about $2626.

On his return to Caterpillar, Jerome moved back to the Wesson farm in Leland, Illinois. As Jerome had done before, he began doing some work for Wesson. For this he received credit against his electric and rent expense.

In June 1988 Laura filed her petition to modify the decree, seeking more child support based on Jerome's increase in income and her increased expenses. Jerome resisted the petition and filed a counterclaim, seeking physical care of the children.

The district court heard the modification matter on July 5, 1989. At the time of the hearing, Laura's income had also increased as had her expenses. Her net monthly income had increased from $461 to $749. But she was no longer receiving free school lunches for the children nor food stamps.

On July 11 the district court dismissed Laura's petition for modification and Jerome's counterclaim. In its order the district court found that while Jerome's earnings had increased, so had Laura's. The court concluded that Laura's increase in expenses as well as Jerome's return to Caterpillar were circumstances contemplated at the time of the dissolution decree.

Laura appealed, and we transferred the case to the court of appeals. The court of appeals filed its en banc decision on September 26, 1990. The court found that Jerome's increased income was a significant change of circumstances not within the contemplation of the parties at the time of the dissolution decree.

The court of appeals remanded the case to the district court but did not retain jurisdiction. The remand was made to allow the district court to conduct a hearing in light of our child support guidelines order of September 29, 1989.

The court of appeals also ordered child support to be paid as ordered in the original decree pending the hearing. It gave the district court leave to reconsider its ruling on trial court attorney fees because Laura had not received such an award. Finally, the court of appeals ordered Jerome to pay $750 of Laura's appellate attorney fees.

Jerome filed an application for further review, which we granted. In his application, Jerome raises three issues. He contends the court of appeals (1) erroneously found a change of circumstances sufficient to support a modification of child support, (2) erroneously remanded the case for determination of child support in light of our child support guidelines order of September 29, 1989, (3) erroneously gave the district court leave to reconsider its ruling on trial attorney fees, and (4) erroneously awarded Laura appellate attorney fees.

Our review is de novo. Iowa R.App.P. 4. We give weight to the district court's findings of fact but are not bound by them. Iowa R.App.P. 14(f)(7).

## II. *Child Support Guidelines—Change of Circumstances.*

At the time the district court heard the modification petition, only the temporary child support guidelines were in effect. We filed the order approving these guidelines on September 29, 1987. They applied to temporary child support only. In that vein the guidelines said this:

> The guidelines apply to temporary child support only. Special circumstances of many kinds must be considered in awarding permanent child support, and such special circumstances cannot be incorporated in guidelines such as these. The amount of permanent child support should be based on the facts of the individual case as shown by the evidence at the trial. The guidelines are not intended to set a standard for permanent child support, and they should not be used for that purpose.

On May 15, 1989, the Iowa Legislature amended Iowa Code section 598.21, subsection 4 (1989) by striking the subsection and substituting the following pertinent language in a new subsection:

> 4. The supreme court is authorized to prescribe uniform child support guidelines and criteria to be effective October 12, 1989, and to review the guidelines at least once every four years, pursuant to the federal Family Support Act of 1988, Pub.L. No. 100–485.

> a. Upon every judgment of annulment, dissolution, or separate maintenance, the court may order either parent or both parents to pay an amount reasonable and necessary for supporting a child. In establishing the amount of support, consideration shall be given to the responsibility of both parents to support and provide for the welfare of the minor child and of a child's need, whenever practicable, for a close relationship with both parents. There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded. A variation from the guidelines shall not be considered by a court without a record or written finding, based on stated reasons, that the guidelines would be unjust or inappropriate as determined under the criteria prescribed by the supreme court.

1989 Iowa Acts ch. 166, § 6 (codified at Iowa Code § 598.21(4) (1991)).

Pursuant to this legislation, we entered an order on September 29, 1989, that said in pertinent part:

> The supreme court has undertaken to prescribe uniform child support guidelines and criteria pursuant to the federal Family Support Act of 1988, Pub.L. No. 100–485. *See* H.F. 403, 73rd G.A., 1st Sess. § 6 (Iowa 1989) amending Iowa Code § 598.21(4).

> The foregoing legislation directs that guidelines be adopted and made effective by October 12, 1989. . . .

> In order to comply with the mandate of the General Assembly while considering and acting upon the suggested guidelines, the temporary child support guidelines previously adopted on the 29th day of September, 1987, shall remain in effect and also are temporarily adopted as the permanent child support guidelines, effective October 12, 1989. The prohibition in our administrative order of September 29, 1987, from using temporary support guidelines as standards in fixing

permanent child support is suspended. . . .

On April 30, 1990, the legislature again amended Iowa Code section 598.21 by adding the following pertinent language in a new subsection:

8A. Notwithstanding subsection 8 [requiring a substantial change in circumstances for modification ·of support orders], a substantial change of circumstances exists when the court order for child support deviates from the child support guidelines established pursuant to section 598.21, subsection 4 for a reason other than that stated in the original order, unless the provisions of the guidelines themselves have changed since the entry or subsequent modification of the original order. . . .

1990 Iowa Acts ch. 1224, § 45 (codified at Iowa Code § 598.21(9) (1991)).

On October 16, 1990, we entered an order adopting new child support guidelines governing permanent child support. Pertinent provisions of that order provide as follows:

The following charts are established as guidelines for use by the courts of this state in determining the amount of child support. The adoption of these guidelines shall not, standing alone, furnish the basis for a modification of a child support award entered prior to October 12, 1989. For support orders entered on or after October 12, 1989, see 1990 Iowa Acts ch. 1224, § 45 [codified at Iowa Code § 598.21(9) (1991)].

. . . .

In ordering child support, the court should determine the amount of support specified by the guidelines. There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded. That amount may be adjusted upward or downward, however, if the court finds such adjustment necessary to provide for the needs of the children and to do justice between the parties under the special circumstances of the case.

. . . .

The court shall not vary from the amount of child support which would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate as determined under the following criteria:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39.

In addition, the court shall enter an order for medical support as required by statute. Unless the court specifically orders otherwise, medical support is not included in the monetary amount of child support. Any premium cost of a health benefit plan or medical support plan which has not been considered in computing net monthly income may be considered by the court as a reason for varying from the child support guidelines.

In summary, when considering a request for modification of child support the district court should keep the following in mind. First, the party seeking modification has the burden

to prove a substantial change in circumstances from the time the decree was entered making it equitable and just that different terms be fixed. A decree is not to be modified unless its enforcement will be attended by positive wrong or injustice as a result of changed conditions.

*Ellis v. Ellis*, 262 N.W.2d 265, 267 (Iowa 1978). The factors the court must consider in determining whether there is such a substantial change are codified in section 598.21(8).

■ Second, the child support guidelines now in effect do not—standing alone—constitute a change in circumstances as to a child support order entered pursuant to section 598.21 before October 12, 1989. If, however, the district court finds such a change because of reasons other than the

child support guidelines, then the court shall consider the guidelines in making any change in the level of support.

■ Third, a substantial change of circumstances does exist for a child support order entered pursuant to section 598.21 on or after October 12, 1989, when such order deviates from the guidelines for a reason other than that stated in the order. A change in the guidelines themselves since the entry or subsequent modification of the original order is an exception to this rule.

■ Fourth, as to post October 12, 1989, support orders, the district court has some discretion to vary the amount of child support from the guidelines in certain circumstances. These circumstances include a determination by the district court that the guidelines would be unjust or inappropriate. In making this equitable determination the court must make written findings using the following criteria:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39 [cost of services provided by the Iowa department of human services].

Last, the court must enter an order for medical support as required by law. *See generally* Iowa Code ch. 252E.

■ Here the original support order was entered before October 12, 1989. So Laura had to prove by a preponderance of the evidence a substantial change in circumstances. *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973). The changed circumstances had to be

material and substantial, not trivial, more or less permanent or continuous, not temporary, and [had to] be such as were not within the knowledge or con-

templation of the court when the decree was entered.

*Id.*

We conclude that Jerome's return to Caterpillar, with the accompanying substantial increase in income, was not within the knowledge or the contemplation of the dissolution court. *See* Iowa Code § 598.21(8). Jerome's actual income at the time of the decree was $159 per week. This was all from unemployment benefits. Yet Jerome stipulated to gross monthly earnings of $1200 per month. On February 2, 1988, Jerome filed an affidavit of financial status in which he said: "Respondent intends to be employed this spring for at least $1200 per month."

A fair inference from this evidence is that Jerome would be returning to his seasonal construction work in the spring. At that time his income would be about $1200 per month, the same amount he was making with Tschiggfrie Excavating Company before his winter lay off.

In addition, Jerome had not worked for Caterpillar since September 1985. After Jerome's layoff from Caterpillar the family had moved to Epworth, Iowa, from Leland, Illinois, a distance of about 160 miles. The family had also purchased a home in Epworth.

All of this is strong probative evidence that neither party anticipated that Jerome would return to Caterpillar.

As we said earlier, we apply the guidelines to pre-October 12, 1989, support orders only if a substantial change in circumstances has been established. Because we find such a change here, the present guidelines—effective December 31, 1990—apply for purposes of determining the appropriate level of support. The question then is: Should we apply them or should the district court apply them?

Ordinarily in equity cases such as this one, if an appeal

brings up the whole case for trial de novo in the appellate court on the [record], and the facts have been fully developed [in the trial court], the law and the evidence may be examined and the

evidence weighed as if there had been no trial in [the trial court], and a final decree may be rendered by the appellate court, or that court may remand for entry of a proper decree as directed.

5 Am.Jur.2d *Appeal and Error* § 967, at 393 (1962); *see also Matthews v. Quaintance*, 204 Iowa 520, 522, 215 N.W. 707, 708 (1927) (trial de novo in the supreme court of an equity case is final and there is no further trial in the trial court). But the appellate court may remand an equity case for further proceedings when essential to effectuate justice. *Wolf v. Murrane*, 199 N.W.2d 90, 101 (Iowa 1972).

We think there are good reasons for remand here. There is a rebuttable presumption that the guidelines provide the correct amount of support. That presumption is overcome if the district court finds an adjustment is necessary to reach an equitable result. The guidelines provide the proper criteria on this question:

> Substantial injustice would result to the payor, payee, or child;

> [or]

> Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case;

> [or]

> Circumstances contemplated in Iowa Code section 234.39.

*See also Ellis*, 262 N.W.2d at 267. In addition, our guidelines require a medical support order. We think fairness and justice dictate that the parties should be allowed to present evidence on these issues.

III. *Attorney Fees.*

The court of appeals gave the district court leave to reconsider its ruling on trial court attorney fees in light of its ruling on remand. It also ordered Jerome to pay $750 of Laura's appellate attorney fees. We agree in both instances.

IV. *Disposition.*

Because we find a substantial change in circumstances, we remand the case to the district court for hearing pursuant to our current guidelines that became effective December 31, 1990. In doing so we do not retain jurisdiction. Pending the hearing on remand, Jerome shall pay child support as ordered by the original decree. On remand the district court shall also reconsider its ruling on trial court attorney fees sought by Laura in light of its ruling on remand. Finally, we order Jerome to pay $750 of Laura's appellate attorney fees.

Accordingly we affirm the decision of the court of appeals in all respects save one. The district court shall consider the guidelines that became effective December 31, 1990, rather than the guidelines in our September 29, 1989, order. In fairness to the court of appeals, we point out that the most recent guidelines had not been approved at the time the court of appeals decided this case.

DECISION OF THE COURT OF APPEALS AFFIRMED AS MODIFIED; JUDGMENT OF DISTRICT COURT REVERSED.