**In re the MARRIAGE OF Dennis Dean McELROY and Cynthia Ann McElroy.**

**Upon the Petition of Dennis Dean McElroy, Petitioner–Appellee/Cross–Appellant,**

**And Concerning Cynthia Ann McElroy, Respondent–Appellant/Cross–Appellee.**

**No. 90–1736.**

Court of Appeals of Iowa.

June 25, 1991.

Allan C. Orsborn of Keith, Orsborn, Milani & Neary, Ottumwa, for appellant/cross-appellee.

J. Terrence Denefe of Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellee/cross-appellant.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Dennis and Cynthia McElroy were married in 1982. They have two children, a boy born in July 1983 and a girl born in May 1986. Dennis has a factory job that pays $7.85 per hour plus incentives. Cynthia is a clerical worker and earns $5.85 per hour. Both parties are in good health.

The dissolution decree filed September 26, 1990, placed the parties' two children in joint legal custody. The decree provides the children are to be in Dennis's primary care during the school year and in Cynthia's primary care during the summer months. It further directed Cynthia to pay Dennis child support of $157.00 per month from September through May of each year and $57.00 per month during the months of June, July and August.

Under the decree, Dennis was awarded the parties' home, in which they had an equity of $2,352.00. The decree directed Dennis to pay Cynthia a cash property award of $1,176.00 to compensate her for half of the house equity. The parties had few other assets; Cynthia received a car, and each party received certain household effects.

Cynthia has appealed from the dissolution decree, and Dennis has cross-appealed. Both parties challenge the child custody arrangement. Each contends the children should be placed in his or her primary physical care for the entire year. Both also challenge the child support award.

Cynthia contends that in the event the divided physical custody award is affirmed, her child support obligation should completely abate during the summer months and that Dennis should be required to pay her child support during those months. Dennis counters by arguing Cynthia's child support obligation should be increased to $228.00 per month and should continue through the summer months whether or not the children remain in his primary care during those months. Finally, Dennis challenges the division of property. Specifically, he argues the requirement that he pay Cynthia a cash property award of $1,176.00 is inequitable.

I.

*De Novo Review.* Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3) and in *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983) and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors there listed bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984).

The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985).

### II.

*Custody.* We first address Cynthia's contention that the trial court erred in granting custody of the children to Dennis. She alleges she can handle the care of the children "better than Dennis". She also contends she is the parent who has been instrumental in involving the children in "social type activities".

Upon our review, we find the record does not support Cynthia's contentions. The trial court determined, and we agree, the record supports a finding Dennis should be given primary custody of the children. While both parties apparently love the children and are good parents, we are influenced by the trial court's findings. In this respect, we give weight to the fact finding of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7).

In reaching the conclusion Dennis should have primary custody, we note the responsibility Dennis has shown in caring for the children. Additionally, the record reveals Dennis was concerned with the best interest of the children during the temporary custody arrangement. While Dennis offered to compromise in order that the children would not be transported between homes during the nighttime hours, Cynthia refused and insisted on removing the children to her home every night at 11:00 p.m. We do not believe this type of conduct demonstrates a concern for the best interest of the children. We conclude Dennis will best be able to provide a stable and suitable environment for the children.

### III.

*Divided Physical Care.* While we agree with the trial court's custody determination, we disagree with the custody plan. As it relates to this part of the decree, the trial court granted physical custody of the children to Dennis during the school year and physical custody to Cynthia during the summer months. Generally, physical care should not be divided.

Following precedent established by supreme court decisions, we have said we generally are opposed to divided physical care except in the most unusual circumstances. *In re Marriage of Muell*, 408 N.W.2d 774, 776 (Iowa App.1987) (citations omitted). From our review of the record, we are unable to find the circumstances here rise to the level of unusualness to warrant an award of divided physical care.

We therefore modify the decree so as to place the primary physical care of the children with Dennis. It necessarily follows the provision that placed the physical care of the children with Cynthia during the summer is now stricken. In addition, the decree is further modified so as to provide that Cynthia is to have the children for a period of six weeks during the summer months. Since Dennis has been granted primary physical care of the children, the provision in the decree giving him the children one week during the summer likewise is unnecessary and is stricken. We affirm in all other respects the visitation provisions as set forth by the trial court.

### IV.

*Child Support.* Dennis contends the trial court erred in its determination of child support to be paid by Cynthia. He explains the error noting the trial court failed to utilize the proper child support guidelines. In this respect, the net monthly income of the parties is not challenged on appeal. Therefore, we accept the trial court's findings establishing Dennis's at $996.67 per month ($230 net earnings per week times 52 weeks divided by 12 equals $996.67) and Cynthia's at $747.76 per month ($172.56 net earnings per week times 52 weeks divided by 12 equals $747.76).

The temporary child support guidelines previously adopted by order of the supreme

court on September 29, 1987, were temporarily adopted (on September 29, 1989) as the permanent child support guidelines, effective October 12, 1989. According to the guidelines in effect at the time the decree here was entered, absent "a written finding that the guidelines would be unjust or inappropriate," the amount of monthly child support equals $159.27.[1]

■ The trial court was correct in applying the guidelines that took effect on October 12, 1989. We, however, are faced with the problem whether on appeal we should apply the guidelines presently in effect, i.e., those that were adopted by order of the supreme court on October 16, 1990, to take effect December 30, 1990. We hold that we should.

■ Before fixing the amount, we recognize that in *In re Marriage of Craig,* 462 N.W.2d 692 (Iowa App.1990), we declined to fix child support in accordance with guidelines in effect at the time of appeal, reasoning the litigants should be afforded the opportunity to show the trial court whether their application would be unjust or inappropriate. Thus, we remanded for that purpose.

But in *Craig,* the permanent support guidelines were not in effect, either at trial time or when the decree was entered. Under those circumstances, the litigants were in effect unable to make a record for our review concerning the "rebuttal presumption" of correctness of the child support guidelines; nor was the trial court able to make a record as to whether the support payments were to be adjusted upward or downward should the special circumstances of the case demand.

Here, however, the litigants had the opportunity to put on evidence, if they so desired, to overcome the rebuttable presumption of correctness of the child support guidelines and the trial court also had the opportunity to enter an order, if the circumstances demand, finding that the application of the guidelines would be unjust

or inappropriate. There is a record for us to review. Since such is the case, we see no need to remand for further proceedings as we did in *Craig.*

We believe this result is consistent with the supreme court's holding in *In re Marriage of Bergfeld,* 465 N.W.2d 865 (1990). In *Bergfeld,* like in *Craig,* the decree fixing support was entered prior to October 12, 1989, the effective date of the first order of the supreme court that established permanent child support guidelines. *Id.* at 868. The supreme court in *Bergfeld* held that fairness and justice dictate that the parties should be allowed to present evidence on the issue of "rebuttable presumption" and whether equity demanded that an adjustment to the fixed percentages be made. *Id.* at 870. As we previously determined, however, a remand is not necessary here for the parties had the opportunity to present evidence under the statute and order in effect at trial and decree time. In addition, the supreme court in *Bergfeld* held that "the present guidelines—effective on December 31, 1990—apply for the purpose of determining the appropriate level of support." *Id.* We likewise will apply the present guidelines in determining the level of support.

Turning then to the December 1990 guidelines, it appears Cynthia should be paying $228.07 per month in child support. Child support payments accruing on or after December 31, 1990, shall be $228.07 per month consistent with the current child support guidelines. We modify the decree accordingly.

## V.

■ *Abatement of Child Support.* Cynthia seeks an abatement of her support obligation for the time she has the children in the summer. We recently stated in *In re Marriage of Toedter,* 473 N.W.2d 233 (Iowa App.1991):

> Generally, the support obligation is not reduced during the periods of extended visitation as the custodial spouse has the

---

1. The custodial parent's net monthly income is $996.67, and the noncustodial parent's is $747.76. There are two children. The guidelines call for child support of 21.3% of the noncustodial parent's income, or $159.27.

continuing obligation to maintain the house and other necessary expenses. *See In re Marriage of Fleener,* 247 N.W.2d 219, 221 (Iowa 1976). However, no two child support cases are alike and precedents are of little value. *In re Marriage Zoellner,* 219 N.W.2d 517, 525 (Iowa 1974).

Like in *Toedter,* we determine under the circumstances here it is equitable that Cynthia's support obligations be abated for the period the children are with her during the six-week summer visitation and modify the decree accordingly. Since Dennis must continue to maintain the home and incurs fixed expenses for the benefit of the children, we decline her request for support from him for this period. It is clear to us that he indirectly, if not directly, contributes to their support even during their absence.

### VI.

*Property Settlement.* Dennis additionally argues the trial court erred in ordering him to pay Cynthia a cash property settlement of $1,176.00. We have thoroughly reviewed the record regarding the parties assets and the distribution of those assets. We affirm the trial court's order with regard to the property settlement.

Costs on appeal shall be divided equally between the parties.

AFFIRMED AS MODIFIED.