**In re the MARRIAGE of Mary Ann BRIES and Roger William Bries.**

**Upon the Petition of Mary Ann Bries, Appellee,**

**And Concerning Roger William Bries, Appellant.**

**No. 91–1892.**

Court of Appeals of Iowa.

Feb. 23, 1993.

Michael W. Fay of the Fay Law Office, Cedar Rapids, for appellant.

Gilbert R. Caldwell III of Caldwell, Caldwell & Caldwell, Newton, for appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Roger Bries appeals from a district court decree of dissolution.

Mary Ann and Roger Bries were married in 1958. They have no minor children. In September of 1990, Mary Ann filed a petition for dissolution of marriage. Prior to the hearing, both parties engaged in a pretrial conference with legal counsel representing each party. They reached a pre-

hearing stipulation regarding the division of property. On May 2, 1991, a hearing was held. Mary Ann's lawyer advised the court of the nature of the property settlement and read the stipulation into the record. The case then proceeded to a hearing on the remaining issues of alimony, Mary Ann's school loans, and Mary Ann's attorney fees and costs.

When Roger received a copy of the stipulation which had been read into the court record, he refused to sign it. He claimed he did not have his hearing aid when the stipulation was read into the record, and he was unable to understand the terms of the stipulation. On August 16, 1991, Roger's trial counsel, Daniel Swift, withdrew and Roger obtained new counsel for the posttrial motions.

On August 20, 1991, Mary Ann made an application for entry of decree incorporating the stipulation and agreement. On October 15, 1991, a hearing was held on this motion. At the hearing, Swift testified he believed Roger understood the agreement. He withdrew as Roger's counsel because he felt ethically obligated to do so.

On October 29, 1991, the district court entered its ruling. The court found the acceptance by both parties of the property stipulation at the May 2, 1991, hearing was tantamount to a written agreement. As the district court had previously accepted and approved the agreement, the court ordered the property settlement to be in conformance with the parties' stipulation. Roger then moved for new trial claiming the district court erred in incorporating the stipulation. The district court denied the motion. Roger now appeals.

Roger contends the district court erred in (1) incorporating the property division stipulation into the decree, (2) awarding an inequitable distribution of property, and (3) ordering the parties to operate the family farm as a partnership.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I. *Incorporation of Stipulation into the Decree.*

Roger first contends the district court erred by incorporating the stipulation regarding the division of property into the decree. Specifically, he contends he was unable to hear the stipulation being read into the record, and therefore he could not understand the terms to which he had agreed in open court. Roger requests a retrial on the issue of property distribution.

■ Iowa Code section 598.21(1)(k) (1991) allows the court to consider "any written agreement made by the parties concerning property distribution" in devising an equitable property distribution. A stipulation of settlement in a dissolution proceeding is a contract between the parties. *In re Marriage of Lawson,* 409 N.W.2d 181, 183 (Iowa 1987). The stipulation becomes final only when it is accepted and approved by the court. *Id.* Once the stipulation is merged in the dissolution decree, "it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties." *Prochelo v. Prochelo,* 346 N.W.2d 527, 530 (Iowa 1984).

> "The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement received the sanction of the court or is rendered and promulgated as a judgment."

*In re Marriage of Hansen,* 465 N.W.2d 906, 908 (Iowa App.1990) (quoting *Van Donselaar v. Van Donselaar,* 249 Iowa at 505–09, 87 N.W.2d 311, 313–14 (Iowa 1958)). That consent must exist "at the very moment the court undertakes to make the agreement the judgment of the court." *Id.* The parties must have manifested mutual assent to the terms of the agreement. *Kristerin Dev. Co. v. Granson Inv.,* 394 N.W.2d 325, 331 (Iowa 1986) (citing *Hayne v. Cook,* 252 Iowa 1012, 1021, 109 N.W.2d 188, 192 (1961)). Whether such assent has

been given is to be determined *objectively. Id.* (emphasis added).

■ Here, the stipulation was read in open court by Mary Ann's lawyer at the May 2, 1991 hearing. Roger participated actively in the process, interrupting Mary Ann's lawyer several times to make a correction or clarification. After the stipulation was read into the record, the district court questioned Roger:

> Q: (Court) So with that—subject to that caveat, is this your understanding then, of the division of the property? A: (Roger) Okay. Yes, Your Honor. I guess I'll agree to this as the best of my knowledge.
>
> Q: Okay, fine. I've made the mistake early on of asking people is this acceptable or words like that. Of course, it's not acceptable because everybody—but that's my job. But if that's your understanding of the division to be made in this decree? A: Yes.

Roger never informed the district court he did not understand the court's questions.

Immediately following the stipulation, the parties proceeded with the court hearing on several contested issues. During no part of the court hearing did Roger ask a question be restated or spoken louder. At no point did Roger or his lawyer request a continuance to obtain his hearing aid.

Roger actively participated in the May 2, 1991 hearing, and objectively assented to the terms of the stipulation. Roger has produced no credible evidence suggesting he did not understand the terms of the stipulation or the other matters which transpired in court that day. The district court did not err in finding Roger understood and agreed to be bound by the terms of the parties' mutually agreed upon property settlement.

## II. Whether the Property Stipulation was Equitable.

In the alternative, Roger argues the decree which incorporates the terms of the stipulation did not provide an equitable property distribution.

■ The partners in the marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division of percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.* The distribution of the property should be made in consideration of the criteria codified in Iowa Code section 598.21(1) (1991). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App. 1983).

■ In reaching the property settlement, Roger received legal advice from several lawyers, two farm equipment appraisers, a real estate appraiser, and a certified public accountant. Mary Ann and Roger both obtained numerous appraisals of the property which was to be covered by settlement agreement. In order to reach the settlement, all of the appraisals were averaged. We find the valuation of the property included in the stipulation is equitable.

In his brief, Roger fails to identify how the incorporated stipulation brought about an inequitable distribution of the jointly acquired marital assets. Most of the marital assets (including the farm, farm machinery and equipment, life insurance, cash, household contents, vehicles, commodities, and a retirement plan) were either equally divided between Mary Ann and Roger, or divided with an offsetting property award. A debt of $5,000 was equally divided between Mary Ann and Roger. We find the property stipulation which was incorporated into the decree is equitable.

## III. Ordering the Parties to Operate in a Partnership.

Finally, Roger contends the district court erred in ordering a decree which in effect created a partnership between Mary Ann and Roger in the operation of the farm.

■ In his brief, Roger fails to argue or cite any authority in support of this issue. The failure to cite authority in support of an issue may be deemed waiver of that issue. Iowa R.App. 14(a)(3). The parties agreed to a partnership arrangement, and we have accepted this.

The costs of this appeal are taxed to Roger.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**