**In re the MARRIAGE OF Sarah H. GORDON and Thomas H. Gordon**

**Upon the Petition of Sarah H. Gordon, Appellee,**

**And Concerning Thomas H. Gordon, Appellant.**

No. 94–1089.

Court of Appeals of Iowa.

Sept. 22, 1995.

Michael L. Mollman of Mollman & Wertz, Cedar Rapids, for appellant.

Linda Hansen Robbins of Irvine & Robbins, Cedar Rapids, for appellee.

CADY, Judge.

This appeal requires us to decide if portions of the child support, alimony and property provisions of a decree for dissolution of marriage were equitable. On our de novo review, we affirm the trial court, with modification.

The marriage between Thomas and Sarah Gordon ended on April 27, 1994 when the district court entered a dissolution decree following a trial. Thomas and Sarah had been married for nearly 17 years, and had three children. At the time the marriage ended, Kristopher was 12 years old, Andrew was 9 years old, and Nicholas was 6 years of age. Thomas and Sarah were both 36 years old.

Thomas worked for the Duane Arnold Energy plant near Cedar Rapids. He earned around $57,000 annually. Sarah worked part-time as a teacher and coach. She held a bachelor's decree in physical education, and planned to pursue an advanced decree to enhance her earning capacity. She earned approximately $12,000 in the year prior to the divorce.

The parties acquired numerous items of property during their marriage. They owned a house valued at $86,000. Thomas inherited over $20,000 during the marriage, which was mostly used to purchase a car, a ham radio, computer equipment, and a parcel of land next to the marital home. The adjoining lot cost $1,100.

The trial court granted primary care of the children to Sarah, with liberal visitation to Thomas. In addition to monthly child support payments of $1,200, the court ordered Thomas to pay one-half of the costs of the children's summer activities and $200 per child each August to assist Sarah in purchasing clothes and school supplies for the children. Thomas was also ordered to maintain health and dental insurance on the children, and to pay seventy percent of the unreimbursed expenses. Thomas was allowed to declare the children as dependents for in-

come tax purposes, unless Sarah's annual wages exceeded $18,000. In that case, she would be entitled to claim the youngest child for tax exemption purposes.

The district court next ordered Thomas to pay $300 per month in alimony for three years. After three years, the alimony obligations would be reduced to $150 per month for twenty-four months. Thomas was ordered to pay the entire cost of maintaining Sarah on his health and dental insurance coverage for the maximum period allowed under COBRA provisions.

The district court awarded Sarah the automobile, her bank accounts, and certain items of property, including a lawn tractor. She was also awarded the marital home and the adjoining lot, with equity of $14,980. Thomas was awarded a lien against the property in the amount of $5,000 accruing at the rate of five percent per year. Sarah was also awarded one-half the value of Thomas' pension.

The district court awarded Thomas an antique dresser, his automobile, his bank accounts, a telescope, a Honda motorcycle, a trailer, tools, a television, guns and a gun cabinet, a VCR and a camcorder. He was additionally awarded his Iowa Electric stock.

Thomas appealed. He contends the district court erred in failing to incorporate into the decree portions of the parties' stipulation providing that the unreimbursed medical expenses would be shared equally and he would be entitled to declare the children as dependents. Thomas maintains the court approved the stipulation at trial and could not later abandon it in rendering its decree. He next claims the district court should have awarded him the adjoining lot, since he purchased the lot with funds from his inheritance and it was titled only in his name. Thomas further argues he should have been awarded the lawn tractor since it was a gift from his mother. He lastly contends the district court erred in ordering him to pay one-half the costs of the children's summer activities, plus $200 per child in August for school supplies, in addition to $1200 per month in child support and $300 per month in alimony. He argues that Sarah's income remains low only because of the limited op-

portunities in the Cedar Rapids school district. He maintains if Sarah worked full-time, her earnings would double.

## I. Stipulation

A stipulation settling an issue in a dissolution proceeding is a contract between the parties which becomes final when accepted and approved by the court. *In re Marriage of Bries,* 499 N.W.2d 319, 321 (Iowa App.1993). Until approved, it is not binding on the court, but may be considered in rendering its decree. *See* Iowa Code § 598.21(1)(k) (1993). The question in this case is whether the trial court approved the stipulation at the time it was read into the record at trial, and was bound to incorporate it into its decree. We conclude the court did not accept the stipulation.

The parties orally stipulated to several issues at trial, presented to the court on the record. The trial court never informed the parties it would accept and incorporate the stipulation in its decree after it was presented at trial, but simply responded "okay" after one of the attorneys told the court he agreed with the portion of the stipulation just presented by opposing counsel. These circumstances are insufficient to constitute a manifestation of assent to bind the court. They do not objectively indicate an intent of the court to be bound by the terms of the stipulation.

## II. Inherited & Gifted Property

Gifts or inheritance received by a spouse during the marriage are not subject to the property division unless the failure to do so would be inequitable to the other spouse or the children. Iowa Code § 598.21(2) (1993); *In re Marriage of Steele,* 502 N.W.2d 18, 20 (Iowa App.1993). This rule is followed even when the gifted or inherited asset had been placed in joint ownership, or replaced with another asset. *See In re Marriage of Hoffman,* 493 N.W.2d 84, 89 (Iowa App.1992).

Thomas testified the lawn tractor was given to him by his mother. Sarah did not contest the claim and offered no contrary testimony. We are unable to conclude it

would be inequitable to Sarah or the children if the lawn tractor was not considered in dividing the property. Accordingly, we modify the decree to award Thomas the lawn tractor.

■ We next consider whether the neighboring lot should have also been set aside to Thomas. Unlike the lawn tractor, we are not asked to set aside the actual property received by gift or inheritance, but to set aside property acquired with inherited funds. Thus, we are less concerned with Thomas' interest in the parcel of land than with his interest in maintaining his inheritance.

The disputed lot borders the parcel of land occupied by the marital home. Moreover, the lot is landlocked. Entry can only be achieved by traversing the marital property or other neighboring land. The only structure on the lot is a tool shed, which is compatible for use in connection with the marital home. Under the circumstances, it is reasonable for the lot to be awarded to the party receiving the marital home. Thomas' interest in preserving his inheritance can be maintained by awarding him other property.

We have reviewed the overall property division considering all the circumstances of the case, including the inheritance received by Thomas, and find it to be fair and equitable. We affirm the trial court's decision to award the lot to Sarah.

### III. Child Support

■ It is well settled that the child support guidelines are strictly followed in determining a parent's child support obligation. Iowa Code § 598.21(4)(a) (1993); *In re Marriage of Bergfeld*, 465 N.W.2d 865, 869 (Iowa 1991). Courts are not permitted to vary from the guideline amount without making a specific finding it would be unjust or inappropriate. *Id.*

■ The issue presented in this case does not involve a deviation from the guideline amount, but the imposition of additional child support payments for clothes, school supplies, and summer recreation activities. However, the guidelines balance the needs of the children against the legitimate needs and expenses of the payor parent. *State ex rel.*

*Dept. of Human Services v. Burt*, 469 N.W.2d 669, 670 (Iowa 1991). They take into account the reasonable costs of living, including educational expenses, for dependent children. *In re Marriage of Fite*, 485 N.W.2d 662, 664–65 (Iowa 1992). Thus, we believe expenses for clothes, school supplies and recreation activities are considered under the guidelines, and a separate support order covering such expenses is improper absent a finding that the guidelines amount would be unjust or inappropriate. The trial court made no such finding, and we are unable to do so on our de novo review of the evidence. Accordingly, we modify the decree to remove the additional support obligation for summer activities, clothes and school supplies.

### IV. Spousal Support

■ Thomas asserts the alimony award of $300 was excessive. On appeal he asks that it be reduced.

Many factors are considered in determining the amount of alimony to be awarded to a spouse, including those factors defined by statute. *In re Marriage of Will*, 489 N.W.2d 394, 400 (Iowa 1992); Iowa Code § 598.21(3) (1993). Upon our review of these factors, we agree with the alimony provisions set by the district court. The marriage spanned nearly 17 years, and Thomas' earning capacity greatly exceeds Sarah's capacity.

Sarah has the ability to increase her income, but additional education will be necessary. Also, as an active, devoted parent, and the primary caregiver, she must balance her work and education with the needs of her children. We affirm the award of alimony.

### V. Conclusion

We affirm each provision of the dissolution decree entered by the district court, except for the award of the lawn tractor and child support. We modify the decree to award the lawn tractor to Thomas, and remove the provision requiring Thomas pay additional child support for summer activities, clothes and school supplies.

**AFFIRMED AS MODIFIED.**

All Judges concur except HAYDEN and SACKETT, JJ., who concur in part, and dissent in part.

HAYDEN, Judge (concurring in part and dissenting in part).

I concur with the majority except for the issue of Thomas's inheritance. I respectfully dissent on this issue.

It is not disputed Thomas inherited the funds to purchase the lot adjacent to the parties' home. At the time of this purchase its value was $1100. I concur with the majority this lot should go to Sarah along with the parties' homestead. I determine Thomas should be awarded $1100 to compensate and reimburse him for part of his inheritance. This could be made either in a cash award or by increasing Thomas's lien on the real estate Sarah was awarded.

SACKETT, Judge (concurring in part; dissenting in part).

I concur in all respects, except I would modify to include in the decree the provisions stipulated to by the parties that unreimbursed medical expenses be shared equally and Thomas be entitled to claim all the children as dependents. The stipulation was presented to the trial court. There is no inequity in the stipulation or valid reason why it should not be approved.