**In re the MARRIAGE OF Richard D. FITE and Peggy M. Fite**

**Upon the Petition of Richard D. Fite, Appellant,**

**And Concerning Peggy M. Fite, Appellee.**

No. 90–919.

Supreme Court of Iowa.

June 17, 1992.

Jill S. Rolek, Des Moines, for appellant.

William F. Denman, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Richard D. Fite, father of Janelle Fite, a minor child, appeals from the child support and visitation provisions of a district court order modifying the January 21, 1986 decree, which dissolved his marriage to appellee, Peggy M. Fite. Upon reviewing the record and considering the arguments of the parties, we modify and otherwise affirm the district court's order.

The January 21, 1986 decree dissolving the marriage of Richard and Peggy made Peggy the primary custodian of their daughter, Janelle. The decree provided that the determination of a final schedule for Richard's child visitation should await the conclusion of counseling by both parents with an independent professional children's guidance counselor and report by that counselor to the court. For some reason not explained in the present proceeding, the counseling called for in the original decree did not take place, and Richard's visitation rights were never finally established.

The dissolution decree provided that Richard pay Peggy the sum of $250 per month as support for Janelle until such time as she graduates from high school, marries, or otherwise becomes self-supporting. Provision was made to continue Richard's child support obligation should Janelle attend college or vocational training after graduating from high school.

On October 16, 1989, Peggy filed the present action for modification of the original dissolution decree. She alleged that a substantial change in financial circumstances of the parties had occurred that was not within the contemplation of the court at the time the decree was entered. She alleged that the amount of Janelle's educational expenses have doubled and that other living expenses have also increased. She asked the court to modify the decree so as to require Rick to pay $300 per month as child support and, in addition, pay one-half of Janelle's educational expenses. Janelle attends the Des Moines Christian School, a private, sectarian educational institution located in Des Moines.

Richard filed an answer to Peggy's modification petition, denying that circumstances had changed sufficiently to justify altering his child support obligation. In addition, he requested that the court establish his visitation rights with Janelle. Ultimately, after several temporary orders, the modification action was heard, and on May 10, 1990, an order was entered modifying the original dissolution decree. In that order, Rick's monthly child support payment was increased to $300, and in addition, he was ordered to pay forty-five percent of the tuition costs incurred by Janelle at the Des Moines Christian School.

The May 10, 1990 order also established a detailed schedule for Richard's visitation with Janelle. The court imposed conditions upon Richard's rights of visitation, including abstinence from use of alcohol and use of profane, obscene, or abusive language during visitation. Janelle was authorized to "terminate visitation and return home" if she believes those conditions have not been observed. The order further provided that if a dispute arose concerning Richard's use of alcohol he should obtain a chemical test of his blood alcohol level in order to resolve the dispute.

Richard has appealed, challenging both the child support and visitation provisions in the modification order. In addition, he seeks review of a contempt proceeding against Peggy during the pendency of the modification proceeding. Other facts relevant to the case will be considered in our discussion of the legal issues that have been presented.

## I. *The Child Visitation Issue.*

■ Richard argues that the district court slighted him on the amount of child visitation that was allowed. In addition, he complains of the conditions imposed on his right to exercise visitation. In reviewing these claims, we do not disturb the quanti-

ty of visitation or times of visitation contained in the district court's order. To the extent that Richard also complains of the locations where he is required to pick Janelle up or drop her off, we believe that in fixing those locations the district court was only adhering to the wishes of the child's primary custodian. We see nothing wrong in deferring to the custodian's wishes in this regard as long as the designated locations are reasonable, based on geographic considerations. Richard has failed to establish that the locations are not reasonable.

■ With respect to Richard's objections to the conditions imposed on his visitation rights with Janelle, we agree that some of these provisions are demeaning and, in addition, are an invitation to abort scheduled child visitations based on subjective determinations. The district court was correct in providing that Richard should not be permitted visitation with Janelle if he has been drinking excessively. We believe, however, that it is unwise to place in the court's decree any formal procedure for resolving this question or to formalize a right to abort visitations based on the subjective belief of the child. Consequently, we delete those conditions as formal provisions of the decree. If Richard behaves irresponsibly in the manner specified in the deleted conditions, his conduct may be made the subject of further proceedings in the district court and may be grounds for reduction or elimination altogether of his child visitation rights.

## II. *The Child Support Issue.*

We review the district court's modification of Richard's child support in two respects. We first must determine whether the record reflects a sufficient change of circumstances to warrant any modification of the original support decree. If so, we must then determine whether, as Richard contends, it was unwarranted to require him to pay a portion of Janelle's tuition expenses at a private school.

■ We have previously determined that, in determining whether a change of circumstances has occurred, the district court should not consider the child support guidelines. *In re Marriage of Dawson,* 467 N.W.2d 271, 274 (Iowa 1991); *In re Marriage of Bergfeld,* 465 N.W.2d 865, 870 (Iowa 1991). If a change in circumstances is established for reasons other than the child support guidelines, the court must consider the guidelines in making any change in the level of support. *Dawson,* 467 N.W.2d at 274.

■ We conclude that the present modification of support was not based on the guidelines but rather on changes in the parties' respective financial situations. That evidence is sufficient, albeit minimally so, to establish the requisite change of circumstances. If our statements in *Dawson* concerning the child support guidelines are to be adhered to, however, Richard's support level should have been increased to correspond with the guideline level. Based on the income levels that the record reflects, this would require a monthly payment of $384 rather than the $250 amount specified in the original decree. Under the district court's order, if one-twelfth of the sum representing forty-five percent of Janelle's tuition at the Des Moines Christian School is added to the $300 monthly child support payment, the aggregate amount obtained substantially exceeds $384 per month.

In *State ex rel. Department of Human Services v. Burt,* 469 N.W.2d 669 (Iowa 1991), we considered whether a high ratio of living expenses to net income on the part of a child support payor may serve as a basis for fixing child support below the guideline level. We concluded that that circumstance did not justify departure from the guidelines. We stated:

[T]he guidelines already take into account the reasonable living expenses of the noncustodial parent, the very subject which prompted the district court to depart from the guidelines. In the absence of special circumstances, the reasonable living expenses of the noncustodial parent do not provide a ground for departing from the guidelines.

*Id.* at 670. We believe that the guidelines also take into account the reasonable cost

of living, including educational expenses, of dependent children and attempt to balance those costs against the legitimate needs and expenses of the payor parent. *See State ex rel. Epps v. Epps,* 473 N.W.2d 56, 58 (Iowa 1991). Although it is not our intention to characterize Janelle's attendance at the Des Moines Christian School as unreasonable, we do not believe that, considering Richard's monthly net income level of $1710, this provides any basis for increasing Richard's support level above the guideline amount.[1]

We disagree with appellee's suggestion that because Richard acquiesced in Janelle's attendance at the Des Moines Christian School at the time of the original dissolution decree he should be subject to a modified level of support reflecting the increased tuition costs at that school. At the time of the original dissolution decree, the Des Moines Christian School had only a kindergarten through sixth grade curriculum. Both parties and undoubtedly the court in the original dissolution trial would have assumed that Janelle would attend the public schools after completion of sixth grade.

For the reasons stated, we modify the district court's order by deleting the requirement that Richard pay forty-five percent of Janelle's tuition expense at the Des Moines Christian School. In doing this, however, we simultaneously increase Richard's monthly child support payment to $384, retroactive to October 16, 1989.

III. *District Court's Finding in Contempt Proceeding.*

■ As a final matter, we consider Richard's contention that the district court acted improperly in failing to hold Peggy in contempt for unreasonably denying Richard's child visitation under temporary orders of the district court while the modification case was pending. Our review of the record suggests that the district court could reasonably have concluded that Peggy was not acting in contempt of its order. We defer to that court's conclusions in that regard. We note, however, that the record reveals some instances where it appears that Peggy's denial of Richard's visitation rights was questionable.

With respect to the rather detailed schedule of visitation that the district court has now established, Richard is without question entitled to rely on those times and dates in planning his life's activities. Deviation therefrom without his consent should not occur absent the most compelling circumstances. Any loss of a scheduled visitation for reasons not attributable to Richard's deliberate act, shall be made up at the earliest available opportunity.

We have considered all arguments presented and, except as modified herein, affirm the judgment of the district court. Costs on appeal shall be taxed fifty percent to appellant, fifty percent to appellee. Neither party shall be liable for the other's attorney fees on appeal.

AFFIRMED AS MODIFIED.

---

**1.** The record indicates that Peggy's monthly net income level is $1385.