Upon the Petition of

Gary L. HOLUB, Petitioner–Appellant,

And Concerning

Robin Jordan, Respondent–Appellee.

No. 97–1415.

Court of Appeals of Iowa.

July 31, 1998.

David P. Odekirk of Dunakey & Klatt, P.C., Waterloo, for appellant.

Robin Jordan, Waterloo, pro se, appellee.

Considered by SACKETT, P.J., and HUITINK and VOGEL, JJ.

SACKETT, Presiding Judge.

This appeal addresses issues involving visitation problems between the joint legal custodians. We affirm as modified.

Petitioner-appellant Gary L. Holub and respondent-appellee Robin Jordan have a child, Kristopher, born in March 1991. Gary and Robin never married. They are currently married to others.

In April 1997, Gary and Robin agreed they would have joint legal custody of Kristopher. Robin was to have physical care. Gary was ordered to pay child support and given liberal visitation. The stipulation was approved by the district court and became a judgment in the matter.

Problems occurred with visitation in that Gary's work schedule did not allow him to personally pick up Kristopher at the directed time and place. Robin refused to allow Gary's wife or parents to pick up Kristopher for Gary's visitation period.

Gary filed an application asking the court amend the decree to allow his wife or parents to pick up Kristopher when Gary was not able to. He further asked transportation costs be evenly divided.

The trial court made provision for Gary to pick up Kristopher at a later time with notification if his work schedule made the directed pick-up time difficult. The trial court further modified to provide Gary personally should pick up and deliver Kristopher. The trial court denied Gary's request for help with transportation.

Gary appeals contending: (1) he should be allowed to designate another responsible adult to pick up Kristopher for visitation when his out-of-town work schedule makes it difficult or impossible for him to do so, and (2) Robin should share the transportation costs.

Robin responds she wants Gary to pick up Kristopher. She contends Gary's current wife, Kimberly, asks Kristopher questions. Robin Advances "she is being cooperative in letting Gary have contact with Kristopher." She objects to Gary not being present at all times during visitation. Robin contends Kimberly asks Kristopher to call her "mom." Robin further objects to Kimberly because it is Robin's position "Kimberly broke up her family with Gary."

■ We review de novo. Iowa R.App. P. 4. Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983). We give weight to the trial court's findings of fact, but we are not bound by them. Iowa R.App. P. 14(f)(7).

■ Successful parenting following a dissolution or termination of a relationship implicates far more than a parent's ability to attend to the daily details of raising a child. *In re Marriage of Kunkel*, 555 N.W.2d 250, 253 (Iowa App.1996). The parent awarded physical care must also possess those parental attributes that are consistent with the obligations inherent in a joint custody arrangement. *Id.* Most notable among these is the ability to set aside understandable resentments and act in the child's interest. *See id.* Although this is most certainly easier said than done, this fundamental requirement nevertheless remains essential to the effective exercise of joint custodial care. *Id.*

■ Gary is a parent who is also a joint legal custodian. This gives him rights to Kristopher as well as responsibilities. *In re Marriage of Westcott*, 471 N.W.2d 73, 75 (Iowa App.1991). As Kristopher's joint legal custodian, Gary has the right to continuing physical and emotional contact with Kristopher and is entitled to share the rights and responsibilities of raising him. Rights and responsibilities of legal custodians of a child include, but are not limited to, equal participation in decisions affecting the child's legal

status, medical care, education, extracurricular activities, and religious instruction. *See In re Marriage of Will,* 489 N.W.2d 394, 397 (Iowa 1992); *Westcott,* 471 N.W.2d at 75. The responsibilities also include the obligation to put personal biases aside and to work with the child's other parent to arrive at a schedule that gives due consideration to the education and social needs of the child. *Westcott,* 471 N.W.2d at 75.

Robin and Gary must be reasonable with each other. *See In re Marriage of Fite,* 485 N.W.2d 662, 664 (Iowa 1992). Reasonableness entails putting away petty differences and accepting that things will not be perfect. Reasonable behavior anticipates there will be times each parent, when the child is in his or her care, needs to designate alternate child care providers. This includes designating a child care provider for the purpose of picking up and delivering the child from visitation. While we recognize and support the right of a joint legal custodian to refuse to deliver the child to an irresponsible child care provider, even if that person has been designated by the other parent, this does not give the custodial parent veto power over who will pick up a child for visitation. *See id.*

We also recognize Robin has a right to know who Gary has designated to pick up Kristopher and he should notify Robin by telephone at or near the visitation and identify the person who will be doing so. These are rights inherent in joint legal custody and need not be spelled out in a decree to be enforceable. These are things reasonable people understand.

■ This issue should not have to reach this court. It is an issue that should have been resolved between two reasonable parents. A custodial parent who is unreasonable in this regard thwarts the child's visitation with the non-custodial parent. Unreasonableness can result in a loss of physical care. *See Kunkel,* 555 N.W.2d at 254 (where mother's contentious disposition and hostile temperament were found incompatible with the considerable rights and responsibilities attending an award of physical care).

Robin's bitterness toward Kimberly for allegedly breaking up her relationship with Gary is a type of petty difference that must be put aside. Kimberly, as Gary's current wife and the mother of Kristopher's half-brother, will be a part of Kristopher's life. Kristopher's well-being requires his parents and stepparents to act reasonably with and to each other on issues dealing with his care.

■ There is nothing in this record to show Gary proposed child care providers or family members for the purpose of picking up or delivering Kristopher who are not responsible people. The restriction placed by the trial court limiting Gary as the sole person to pickup and deliver Kristopher is stricken.

Gary next contends transportation costs should be divided. He advances he drives 180 miles on a weekend to pick up and deliver Kristopher. Gary lives in Independence, Iowa, and Robin lives in Waterloo. Robin contends to provide transportation would cause her to lose time from work and create a financial hardship.

■ This is a modification action. To justify a change in visitation, Gary must show there has been a change of circumstances since the initial decree. *In re Marriage of Fortelka,* 425 N.W.2d 671, 672 (Iowa App. 1988). Generally, a much less extensive change of circumstances need be shown in visitation right cases. *In re Marriage of Jerome,* 378 N.W.2d 302, 305 (Iowa App. 1985). However, to modify visitation privileges, the party seeking modification must show a change of circumstances has occurred since the entry of the initial decree. *See In re Marriage of Lower,* 269 N.W.2d 822, 826 (Iowa 1978). Gary has not shown a change of circumstances on this issue. We affirm the trial court's refusal to order transportation costs divided.

■ Gary and Robin have both requested attorney fees incurred as the result of this appeal. An award for attorney fees is not a matter of right but rests with the court's discretion and depends on the parties' respective financial circumstances and ability to pay. *In re Marriage of Eastman,* 538 N.W.2d 874, 877 (Iowa App.1995). Gary and Robin shall each pay their own attorney fees.

Costs on appeal are to be divided equally. The judgment of the district court is affirmed as modified.

**AFFIRMED AS MODIFIED.**