**IN THE COURT OF APPEALS OF IOWA**

No. 15-1029
Filed May 25, 2016

IN RE THE MARRIAGE OF SUSAN A. THUL
AND BRIAN W. THUL

Upon the Petition of
SUSAN A. THUL,
      Petitioner-Appellee/Cross-Appellant,

And Concerning
BRIAN W. THUL,
      Respondent-Appellant/Cross-Appellee.
_____

      Appeal from the Iowa District Court for Kossuth County, Duane E. Hoffmeyer, Judge.

      A husband appeals and a wife cross-appeals the economic provisions of the parties' dissolution decree. **AFFIRMED.**

      Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

      Jacqueline R. Conway of Heiny, McManigal, Duffy, Stambaugh & Anderson, P.L.C., Mason City, for appellee.

      Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Brian Thul appeals and Susan Thul cross-appeals the economic provisions of their dissolution decree. We affirm the provisions for spousal and child support and the stipulated division of property, which was approved by the district court. We determine each party should pay his or her own appellate attorney fees.

## I.      Background Facts & Proceedings

Brian and Susan were married in 1995. The parties have five children, born in 1996,[1] 1998, 2000 (twins), and 2007. Susan filed a petition for dissolution of marriage on March 3, 2014.

The parties entered into a stipulation providing they would have joint legal custody of the children, with Susan having physical care. They agreed to a visitation schedule. For purposes of calculating child support, they stipulated Brian's gross annual income was $140,000 and Susan's was $24,000, but Brian could argue for a downward deviation from the child support guidelines. The parties agreed they would each pay one-half of the children's tuition at a private Catholic school, but Susan's contribution would be in the form of reduced tuition due to her employment at the school. The stipulation included the issues of health insurance and dependency exemptions.

The stipulation encompassed the division of the parties' property. They agreed Brian would be awarded Thul Law Firm; Thul Land Company, L.L.C.; BT

---

[1]   The oldest child became eighteen years old while the dissolution action was pending and graduated from high school in May 2015. Thus, this child is not included in the child support calculations.

Financial, L.L.C.; and THULCO, Inc.,[2] which were corporations operated by Brian. Brian was awarded all of the interest in B.W. Thul Irrevocable Trust. The stipulation divided the parties' personal property, vehicles, bank accounts, retirement accounts, and life insurance. The stipulation addressed the parties' debts. The parties agreed Brian would pay Susan a property settlement of $762,500. Brian was responsible to pay $250,000 on May 15, 2015, and the remainder, $512,500, was payable in equal installments over ten years. The parties also agreed they would each pay their own trial attorney fees, except for a previous award of temporary attorney fees.[3]

The parties submitted the issues of spousal support, child support, and uncovered medical expenses to the court. The dissolution hearing was held on April 7, 2015. At the time of the hearing, Susan was forty-six years old and Brian was forty-five. Susan did not work full-time outside the home during most of the marriage. At the time of the trial, Susan was employed full time as a teacher associate at the children's school, where she earned $12,317 but also received a fifty percent discount on the children's tuition. Brian was self-employed as an attorney, plus he had rental income from farmland and residential real estate.[4] Susan presented expert testimony Brian was capable of earning $158,948 per year. Both parties were in good health.

---

[2] The parties agreed the net value of these properties was in excess of two million dollars.

[3] A temporary order filed on April 29, 2014, required Brian to pay Susan $5000 for temporary attorney fees.

[4] Brian inherited farmland prior to the parties' marriage. He also invested in residential real estate. He received rental income from the farmland and real estate, but the amounts received varied from year to year.

The district court entered a dissolution decree on May 19, 2015. The court approved the parties' stipulation and incorporated it into the decree. The court determined Susan should be awarded traditional alimony of $2000 per month to terminate on Susan's remarriage, the death of either party, or in ten years, whichever occurs first. In order to do justice between the parties, the court deviated from the child support guidelines and ordered Brian to pay child support of $1400 per month for four children, $1200 per month for three children, $1000 per month for two children, and $800 per month for one child. The court found Brian should pay sixty-eight percent of uncovered medical expenses, and Susan should pay thirty-two percent of these expenses. Brian has appealed and Susan has cross-appealed the economic provisions of the dissolution decree.

## II. Standard of Review

Our review in dissolution cases is de novo. Iowa R. App. P. 6.907; *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). We examine the entire record and determine anew the issues properly presented. *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). We give weight to the factual findings of the district court, but are not bound by them. *In re Marriage of Geil*, 509 N.W.2d 738, 741 (Iowa 1993).

## III. Spousal Support

Brian claims the district court errored in awarding Susan spousal support. He states she received $762,500 as a property settlement, plus other assets. He also states he does not have the funds to pay spousal support due to the large amount he is paying Susan as a property settlement and the amount of debt he is required to pay. Susan claims she should have been awarded a greater

amount of spousal support. She asks for $3000 per month until the death of either party.

"Property division and alimony should be considered together in evaluating their individual sufficiency." *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998). Spousal support is not an absolute right. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). Whether spousal support is proper depends on the facts and circumstances of each case. *In re Marriage of Brown*, 487 N.W.2d 331, 334 (Iowa 1992). When determining whether spousal support is appropriate we consider the relevant factors found in Iowa Code section 598.21A (2013). *In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007).

We determine an award of spousal support is proper in this case. Susan primarily acted as a stay-at-home mother for the parties' five children and does not have the earning capacity to support herself at the level the parties enjoyed during the marriage. In considering spousal support, we also consider the property division. *See Trickey*, 589 N.W.2d at 756. When we consider Susan's needs and Brian's ability to pay, we determine the award of $2000 per month in spousal support for a period of ten years was equitable. We will disturb the district court's award of spousal support only when there has been a failure to do equity. *In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005). We affirm the award of spousal support.

## IV. Child Support

Brian claims the district court should have significantly deviated from the child support guidelines. Brian states there should have been a further deviation

due to the fact he agreed to pay one-half of the children's tuition at a private school. He also states he agreed his gross annual income for purposes of calculating child support was $140,000, although his actual net annual income, after payment of spousal support and debts, was $25,000. In her cross-appeal, Susan claims the court should not have deviated from the child support guidelines because Brian failed to provide sufficient reasons to do so.

"There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the Supreme Court is the correct amount of child support to be awarded." Iowa Code § 598.21B(2)(c). A court may vary from the guidelines based on a record and written findings showing application of the guidelines "would be unjust or inappropriate." *Id.* § 598.21B(2)(d). "The child support guidelines are designed to calculate an amount of funds that will 'cover the normal and reasonable cost of supporting a child.'" *In re Marriage of McDermott*, 827 N.W.2d 671, 685 (Iowa 2013) (citation omitted). We may consider the amount a parent is paying for a child's tuition at a private school. *See In re Marriage of Fite*, 485 N.W.2d 662, 664-65 (Iowa 1992) (considering the aggregate amount a father was ordered to pay in child support and private school tuition payments).

The district court first applied the child support guidelines and determined Brian's child support obligation under the guidelines would be $1904 per month for four children, $1705 per month for three children, $1634 per month for two children, and $1149 per month for one child.[5] The court noted Brian's income

---

[5] Based on the parties' visitation schedule, the district court applied an extraordinary visitation credit to Brian's child support obligation for some of the children. The court

was hard to determine and he had agreed to pay one-half of the tuition for the children to attend private school. The court found Brian did not have the "income available to pay the amount of alimony and child support being sought by Susan." The court found it was necessary in order to do justice between the parties that some deviation from the child support guidelines occur.

Based on the record in this case and the district court's written findings, we conclude application of the child support guidelines would be unjust or inappropriate. *See* Iowa Code § 598.21B(2)(d). We conclude the court properly ordered Brian to pay child support of $1400 per month for four children, $1200 per month for three children, $1000 per month for two children, and $800 per month for one child. We affirm the award of child support.

## V. Property Division

Brian requests a modification of the property division if we affirm the awards of spousal support and child support. As noted above, the parties entered into a stipulation on the division of the parties' assets and debts, and the award of a property settlement to Susan. The parties orally affirmed the stipulation at the dissolution hearing.

When a stipulation encompasses an entire issue, it is "tantamount to a consent decree." *In re Marriage of Ask*, 551 N.W.2d 643, 645 (Iowa 1996). The court considers "whether the provisions upon which the parties have agreed constitute an appropriate and legally approved method of disposing of the contested issues in the litigation." *Id.* at 646. A court may reject a stipulation if it

---

also noted the children born in 2000 were twins. Brian will be responsible to pay child support for three children until the twins turn eighteen, then will be responsible to pay child support for just one child.

is unfair or contrary to law. *Id.*; *see also In re Marriage of Briddle*, 756 N.W.2d 35, 40 (Iowa 2008) ("The court does, however, retain the power to reject the parties' stipulation if it is unfair or contrary to law.").

The district court found the stipulation to be fair and reasonable and approved it. The court incorporated the terms of the stipulation into the dissolution decree. "Because the parties agreed to the stipulation and the court approved it, [Brian] had no legal right to repudiate it." *See Ask*, 551 N.W.2d at 646. We do not further address the terms of the property division.

## VI.    Attorney Fees

Susan requests attorney fees for this appeal. We consider the needs of the party seeking appellate attorney fees, the ability of the other party to pay, and the relative merits of the appeal. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). Considering the amount of property available to each party, we decline to award appellate attorney fees.

We affirm the district court on the issues raised in Brian's appeal and Susan's cross-appeal. Costs of this appeal are assessed one-half to each party.

**AFFIRMED.**