# IN THE COURT OF APPEALS OF IOWA

No. 18-1387
Filed May 15, 2019

**JORDAN M. PAGLIA,**
        Plaintiff-Appellee/Cross-Appellant,

**vs.**

**HEATHER A. TAYLOR,**
        Defendant-Appellant/Cross-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David May, Judge.


The parties appeal the district court order establishing paternity, custody, visitation, and support of their child. **AFFIRMED AS MODIFIED AND REMANDED.**


Ted E. Marks, West Des Moines, and Kolby P. Warren of McCormally & Cosgrove, PLLC, Des Moines, for appellant.

Catherine C. Dietz-Kilen of Harrison & Dietz-Kilen, P.L.C., Des Moines, for appellee.


Considered by Potterfield, P.J., Bower, J., and Carr, S.J.*  May, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Heather Taylor and Jordan Paglia appeal the order establishing custody, visitation, and support of their child. Heather challenges certain findings by the district court as well as its determinations regarding custody and visitation. Jordan challenges the evidence concerning Heather's income and the district court's determination of child support. Jordan also seeks an award of his appellate attorney fees. We review their claims de novo. *See Mason v. Hall*, 419 N.W.2d 367, 369 (Iowa 1988) (stating the appellate court reviews custody determinations made in paternity actions de novo); *see also Dye v. Geiger*, 554 N.W.2d 538, 539 (Iowa 1996) (holding that decisions ancillary to the question of paternity are reviewed de novo).

### I. Heather's Appeal.

Heather challenges the custody arrangement entered by the district court. Although her primary argument concerns the court's visitation schedule, Heather asks that we place physical care of the child with her at various points in her brief and in her prayer for relief. Therefore, we address both the custody and visitation provisions of the decree.

Our primary concern in determining child-custody arrangements is the best interests of the child. *See Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988). Our goal is "to place the child in the environment most likely to bring that child to healthy physical, mental and social maturity." *Id.* (citation omitted). In making this determination, we use the same legal analysis employed in resolving custody in dissolution cases. *See id.*; *see also* Iowa Code § 600B.40(2) (2017) (directing the court to apply the provisions of section 598.41 in determining custody and visitation

in paternity actions). The legislature directs us to determine the custody arrangement that "will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents . . . , and which will encourage parents to share the rights and responsibilities of raising the child unless direct physical harm or significant emotional harm to the child." Iowa Code § 598.41(1)(a). The custody arrangement should include "liberal visitation rights where appropriate." *Id.*

At the outset, we note that Heather challenges various findings of the district court. On our de novo review, we may review the entire record and adjudicate the issues properly presented anew. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). However, because the district court had the opportunity to hear the evidence and view the witnesses firsthand, we give weight to the district court's findings even though they are not binding. *See In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa Ct. App. 2009). This is especially true with regard to the court's credibility findings. *See id.* Additionally, although Heather argues the district court erred in considering and giving credibility to the child-custody evaluator's report, Heather specifically named the custody evaluator she wished the court to appoint, and the court granted her motion. The report was received into evidence without objection. Heather has failed to preserve this claim for our review. *See In re Marriage of Rierson*, 537 N.W.2d 806, 807 (Iowa Ct. App. 1995) (finding claim that trial court should not have considered expert witness's testimony was waived on appeal because the argument was not raised below).

Affording the district court's findings the deference they are due, we agree that Jordan has shown he is better able to minister to the child's long-term needs.

However, we have reservations concerning the visitation ordered by the court. The visitation schedule provides Heather with visitation each Wednesday from 5:00 p.m. to 8:00 p.m. and every other weekend from 5:00 p.m. Friday until 5:00 p.m. Sunday. Although the schedule places responsibility for transporting the child to weekend visits on both parents, it requires Heather to both pick up and drop off the child for weekly visits on Wednesday evening. Given the distance between the parties' homes, which the trial court found to be ninety miles, we note the child would spend the entire three-hour visit in a car. We modify the mid-week visit to provide that it must be exercised by Heather, if at all, in or near Ankeny.

Heather argues the visitation schedule is contrary to the child's best interests because it does not provide her additional visitation during periods of break from school. Rather, the order states that Heather may have additional visitation as agreed to by both parties. Although the court declined to make additional visitation contingent upon Heather's boyfriend taking a parenting class, as Jordan requested, the court went on to state: "If, in the future, [Jordan] is satisfied that additional visitation is appropriate because of actions taken by [Heather's boyfriend] (or for whatever other reason), then [Jordan] is free to agree to additional visitation. He is also free to decline to agree to additional visitation. *The choice remains with him.*" (emphasis added). She asks that the visitation schedule set forth visitation during spring, summer, and winter breaks from school in order to provide maximum contact between her and the child rather than leaving the determination to Jordan's discretion.

Our supreme court has long recognized courts

> should not make the right of visitation contingent upon an invitation from the party having the custody of the child, or require the consent of one parent for the other to visit the child, . . . thereby leaving the privilege of visitation entirely to the discretion of the party having the child in custody.

*Smith v. Smith*, 142 N.W.2d 421, 425 (Iowa 1966) (quotation omitted).

The custody evaluator recommended that the court grant Jordan physical care of the child with Heather receiving visitation every Wednesday evening and alternating weekends. The district court followed this recommendation. However, the custody evaluator also recommended that the child "spend additional extended time with Heather in the summer and other extended breaks from school." We agree with Heather that in order to provide her maximum continuing contact with the child, she should receive additional visitation during school breaks. Accordingly, we modify the holiday-visitation provisions of the order to allow Heather four weeks of additional visitation during the summer break from school, provided that she exercise no more than two weeks of uninterrupted visitation at one time with a minimum of two weeks between visitations. Heather must notify Jordan of her summer visit dates at least thirty days in advance of each segment.

In addition, Heather shall have visitation during the Thanksgiving break from school in odd numbered years and during the spring break from school during the even numbered years, with visitation beginning at 5:00 p.m. on the last day of school prior to break and ending at 5:00 p.m. on the Sunday following break. Finally, in even numbered years, Heather shall have visitation during the first half of the winter school break (including Christmas Day) except from 8:00 a.m. to 8:00 p.m. on Christmas Eve, when Jordan shall have the child. In odd numbered years, Heather shall have the child from 8:00 a.m. to 8:00 p.m. on Christmas Eve and

during the second half of the winter school break (including New Year's Eve and Day). The visitation provisions of the order remain the same with regard to Easter,[1] Mother's Day, Memorial Day, Independence Day, and Labor Day.

Because the visitation schedule provides for only the minimum visitation, the parties may modify it by mutual agreement. Although either party may reject a proposed change to the visitation schedule, we encourage each to be flexible in doing so in order to support each parent's relationship with the child. The parents of a child "must be reasonable with each other." *In re Petition of Holub*, 584 N.W.2d 731, 733 (Iowa Ct. App. 1998). We presume that both Heather and Jordan will act reasonably in making or denying requests for changes in the court-ordered visitation schedule. *See id.* ("Reasonableness entails putting away petty differences and accepting that things will not be perfect."). Unreasonable interference with visitation may be grounds for modification. *See In re Marriage of Quirk-Edwards*, 509 N.W.2d 476, 480 (Iowa 1993) ("If visitation rights of the noncustodial parent are jeopardized by the conduct of the custodial parent, such acts could provide an adequate ground for a change of custody.").

**II. Jordan's Appeal.**

Jordan contends the district court erred in calculating Heather's child support. The district court found Jordan's annual income for purposes of child support to be $43,220 and Heather's to be $15,834. On this basis, the court ordered Heather to pay $120 per month in child support under the guidelines.

---

[1] In the event that Easter falls during Heather's spring-break visitation, Jordan shall have the child from 10:00 a.m. until 7:00 p.m. on Easter.

Jordan argues the calculation is incorrect because the district court erred in determining the amount of Heather's income.

"In Iowa, child support is calculated using the child support guidelines." *In re Marriage of Erpelding*, 917 N.W.2d 235, 245 (Iowa 2018); *see also* Iowa Code § 598.21B(1); Iowa Ct. R. 9.2. "The purpose of the guidelines is to provide for the best interests of the children by recognizing the duty of both parents to provide adequate support for their children in proportion to their respective incomes." Iowa Ct. R. 9.3(1). "To compute the guideline amount of child support," the district court must first compute the adjusted net monthly income of each parent. Iowa Ct. R. 9.14. That amount is ascertained by first determining each parent's gross monthly income. *See* Iowa Ct. R. 9.14(1). Gross monthly income is the "reasonably expected income from all sources." Iowa Ct. R. 9.5(1).

Heather's 2016 tax return shows she earned $15,834, the figure used by the district court. However, the evidence shows that at the time of trial, Heather was working at PurFoods, earning a standard rate of $14 per hour and an overtime rate of $21 per hour.[2] Before starting at PurFoods, Heather was employed through CBS Staffing from August 2017 until April 2018, earning $16 per hour. Both parties submitted child support guideline worksheets. Jordan calculated Heather's annual income to be $33,280, while Heather's calculated it to be $29,120.[3]

---

[2] At trial, Heather testified that her current work hours were 7:00 a.m. to 4:00 p.m., Monday through Friday, and her most recent pay stub showed she earned almost six hours per week in overtime pay in addition to the forty hours she worked per week at her standard rate. She also testified that "[w]e are looking at putting me back for a 8:00 a.m. to 4:00 p.m." shift.

[3] Jordan determined Heather's annual income by assuming earnings of $16 per hour and a forty-hour workweek, while Heather calculated her income based on earnings of $14 hour and a forty-hour workweek.

In calculating child support, "[t]he court must determine the parents' current income from the most reliable evidence presented." *In re Marriage of Wade*, 780 N.W.2d 563, 566 (Iowa Ct. App. 2010). By her own admission, Heather's current annual income is no less than $29,120. It was improper to calculate the amount of her child support obligation based on her 2016 earnings. We therefore remand to the district court to recalculate Heather's obligation under the child support guidelines based on the financial circumstances of the parties proven at trial, and this opinion. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 37 (Iowa 2015); *Walker v. Lusk*, No. 15-0784, 2016 WL 3002912, at *5 (Iowa Ct. App. May 25, 2016).

Jordan also requests an award of his appellate attorney fees. His attorney estimates total fees and services of her office to be $11,457. We may award reasonable attorney fees to the prevailing party at our discretion. *See* Iowa Code § 600B.26; *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005). In determining whether to award appellate attorney fees, we consider "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *Id.* (citation omitted).

Jordan has prevailed only in part. The parties are each of modest means. In particular, Heather earns less than three quarters of Jordan's income. We deny Jordan's request for an award of appellate attorney fees.

**AFFIRMED AS MODIFIED AND REMANDED.**